UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | | |
|---|---|---|
| AZARIAH FULLER, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 1:25-cv-02522-TWP-MJD |
| | ) | |
| CMG TRUCKING, INC., | ) | |
| SUMMER MCINTRYE, | ) | |
| | ) | |
| Defendants. | ) | |

**ORDER GRANTING MOTION TO AMEND THE COMPLAINT**

Plaintiff Azariah Fuller has filed a Motion to Amend the Complaint and a proposed amended complaint. [Dkts. 16 & 16-1.] For the reasons explained below, the motion is **GRANTED**.

**I. Background**

Plaintiff is suing her former employer CMG Trucking Inc. and its owner Summer McIntyre on wage and hour claims under the Fair Labor Standards Act ("FLSA") and the Indiana Wage Claim Statute ("IWCS"). [Dkt. 1.] She brings her FLSA claim as both an individual and collective action, and she brings her IWCS claim as an individual action only. *Id.* at ¶¶ 28, 38-52. The original Complaint, which is still the operative complaint, alleges the following:

> The members of the Collective Action were not paid for time performing pre-trip DOT inspections, post-trip DOT inspections, fueling, and other various activities. The members of the Collective Action were not paid for time driving from the yard to the worksite and from the worksite back to the yard . . . . Ms. Fuller was paid on an hourly basis. Ms. Fuller was not paid for all time worked which included overtime hours. Ms. Fuller was not paid for all time worked which

included regular hours.  Defendants willfully failed to pay overtime hours. Defendants did not have a good faith reason for failing to pay all wages due and owing.

*Id.* at ¶¶ 16-17, 21-24.

Defendants have filed a Motion to Dismiss the Complaint for failure to state a claim under Federal Rule of Civil Procedure 12(b)(6).[1]  [Dkt. 11.]  The crux of their argument is that the Complaint alleges legal conclusions without factual content and does not satisfy all the elements of the asserted claims. For example, they argue that alleging Plaintiff was not paid for "regular hours," "overtime hours" or "all that she was due and owing" is insufficient to state a claim under the FLSA or IWCS, and that alleging that Defendant McIntyre was the "owner," "manager," and "president" with "operational control of the company" who "decides the compensation of Plaintiff" is insufficient to plead individual employer liability under either statute. [Dkt. 12 at 4-16.]

Following the Motion to Dismiss, Plaintiff filed the present Motion to Amend the Complaint.  [Dkt. 16.]  The proposed amended complaint would add Michele Fleetwood as a second named plaintiff.  [Dkt. 16-1.]  It would also add a putative class action claim under the Indiana Wage Payment Statute ("IWPS").  *Id.* at ¶¶ 79-90.  In addition to the factual allegations set forth in the original Complaint, the proposed amended complaint alleges the following:

> Ms. Fuller was not paid for time performing pre-trip DOT inspections, post-trip DOT inspections, fueling, and other various activities on each shift that she worked for Defendants.  Ms. Fuller was not paid for time driving from the yard to the worksite and from the worksite back to the yard on each shift that she worked for Defendants.  Ms. Fuller routinely worked over forty (40) hours in a workweek. Examples of pay periods that Ms. Fuller was not paid all overtime hours that she worked include: April 22, 2024 to April 28, 2024; July 22, 2024 to July 28, 2024; June 23, 2025 to June 29, 2025 and July 21, 2025 to July 27, 2025.

---

[1] The Motion to Dismiss is pending but not fully briefed.  [Dkt. 22 (extending Plaintiff's response deadline).]

*Id.* at ¶¶ 31-34.  The proposed amended complaint makes similar factual allegations with respect to Fleetwood.  *Id.* at ¶¶ 37-45, 79-90.

## II. Legal Standard

Leave to amend a complaint should be freely given "when justice so requires." Fed R. Civ. P. 15(a)(2).  Rule 15(a) "favors amendment as a general matter."  *Knowlton v. City of Wauwatosa*, 119 F.4th 507, 519 (7th Cir. 2024) (citing *Allen v. Brown Advisory, LLC*, 41 F.4th 843, 853 (7th Cir. 2022)) (in turn citing *Foman v. Davis*, 371 U.S. 178, 182 (1962)). Nevertheless, "leave may be denied on account of undue delay, prejudice, bad faith or dilatory motives, futility, or judicial economy." *Chicago Joe's Tea Room, LLC v. Vill. of Broadview*, 94 F.4th 588, 607 (7th Cir. 2024) (citing *Barry Aviation Inc. v. Land O'Lakes Municipal Airport Comm'n*, 377 F.3d 682, 687 (7th Cir. 2004)).

## III. Discussion

Defendants oppose the Motion to Amend the Complaint on grounds of futility because, in their view, the original Complaint fails to state a claim upon which relief may be granted, and the proposed amended complaint fails to correct the deficiencies described in the Motion to Dismiss.  [Dkt. 19.]  They concede that the proposed amended complaint would add a second named plaintiff, new claims under the IWPS, and additional factual allegations, but they argue that these additional factual allegations are still insufficient to state a claim under any of the statutes identified in the proposed amended complaint.  *Id.*

The Court finds that Plaintiff's Motion to Amend the Complaint should be granted. Federal Rule of Civil Procedure 15(a)(2) generally favors amendment.  The proposed amended complaint adds additional factual allegations that are responsive to the Motion to Dismiss. Whether these factual allegations are sufficient to state a claim would be more appropriately

addressed in a substantive ruling on a motion to dismiss, rather than in the context of a motion to amend the complaint.

The Court also notes that in the Seventh Circuit, Plaintiffs are typically granted an opportunity to amend their complaint once as a matter of course after a motion to dismiss the original complaint has been granted, so denying leave to amend at this stage of the proceedings, where Plaintiff has not previously amended the Complaint, would simply kick that can down the road. *See Bausch v. Stryker Corp.*, 630 F.3d 546, 562 (7th Cir. 2010). Indeed, the Seventh Circuit Court of Appeals has instructed,

> [w]hile a court may deny a motion for leave to file an amended complaint, such denials are disfavored . . . . [d]istrict courts routinely do not terminate a case at the time that they grant a defendant's motion to dismiss; rather, they generally dismiss the plaintiff's complaint without prejudice and give the plaintiff at least one opportunity to amend her complaint.

*Id.*

Further, Defendants will not suffer prejudice from the amendment, Plaintiff did not delay in seeking the amendment,[2] and the Court discerns no bad faith or improper purpose on Plaintiff's part in seeking the amendment. For these reasons and the other reasons set forth above, Plaintiff's Motion to Amend the Complaint is **GRANTED**.

### IV. Conclusion

Plaintiff's Motion to Amend the Complaint is **GRANTED**. [Dkt. 16.] The **Clerk is directed** to **file** the Amended Complaint for Damages [Dkt. 16-1], and add Michele Fleetwood as a Plaintiff on the Docket. Defendants shall answer or otherwise respond to the Amended Complaint **within fourteen days of the date of this Order**.

---

[2] In fact, Plaintiff could have filed the amended complaint as a matter of course if it had been filed fourteen days earlier. Fed. R. Civ. P. 15(a)(1)(B).

In light of the filing of the Amended Complaint, Defendants' Motion to Dismiss is

**DENIED AS MOOT**. [Dkt. 11.]

SO ORDERED.

Dated:  10 APR 2026

Mark J. Dinsmore
United States Magistrate Judge
Southern District of Indiana

Distribution:

All ECF-registered counsel of record via email