**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF INDIANA**
**INDIANAPOLIS DIVISION**

| | | |
|---|---|---|
| AZARIAH FULLER on Behalf of Herself and all Others Similarly Situated, MICHELE FLEETWOOD, | ) | |
| Plaintiffs, | ) | |
| v. | ) | Case No. 1:25-cv-02522-TWP-MJD |
| CMG TRUCKING, INC., SUMMER MCINTRYE, | ) | |
| Defendants. | ) | |

**ORDER DENYING DEFENDANTS' MOTION TO DISMISS**

This matter is before the Court on a Motion to Dismiss filed pursuant to Federal Rule of Civil Procedure 12(b)(6) by Defendants CMG Trucking, Inc.'s ("CMG"), and Summer McIntyre ("McIntyre") (together, "Defendants") (Filing No. 25). Plaintiffs Azariah Fuller ("Fuller") and Michele Fleetwood ("Fleetwood") (together, "Plaintiffs") initiated this action on behalf of themselves, and all others similarly situated, alleging violations of the Fair Labors Standards Act ("FLSA") and Indiana's Wage Claims Statute and Wage Payment Statute (Filing No. 24). For the reasons explained below, Defendants' Motion to Dismiss is **denied**.

## I. BACKGROUND

The following facts are not necessarily objectively true, but as required when reviewing a motion to dismiss, the Court accepts as true all factual allegations in the Complaint and draws all inferences in favor of Plaintiffs as the non-moving party. *See Bielanski v. County of Kane*, 550 F.3d 632, 633 (7th Cir. 2008).

McIntrye is the owner of CMG and in that capacity, she decides the compensation of Plaintiffs and the proposed Class and Collective Action members. (Filing No. 24 at 2). Fleetwood began her employment as a truck driver with CMG in May 2018, and Fuller began her employment as a truck driver with CMG on July 9, 2021. *Id*. at 1, 4-5. As truck drivers, Plaintiffs consistently worked over forty hours per week and were paid as hourly employees. *Id.* at 4–5. Plaintiffs' work duties included pre-trip Department of Transportation ("DOT") inspections, post-trip DOT inspections, fueling, driving both to and from the yard to the worksite, as well as various other work-related activities. *Id.*

Plaintiffs allege that during their employment, CMG did not, and has not, paid them for all their regular work hours and overtime hours. *Id.* Plaintiffs have not received payments for the time worked completing their above-mentioned prescribed work duties. Plaintiffs list examples of several pay periods when CMG did not pay them for time worked and overtime hours which include, April 22–28, 2024; July 22–28, 2024; June 23–29, 2025; and July 21–27, 2025. *Id.* Plaintiffs also allege that Defendants violated the "Wage Claims Statute" and the "Wage Payment Statute" by "fail[ing] to pay [them] all that [they were] due and owing." *Id*., ¶¶ 63, 81, 87. In particular, Plaintiffs again allege that CMG failed to pay for the same work activities at issue under their FLSA overtime claim. *Id*.

Fleetwood is a current employee of CMG and Fuller was an employee until she was terminated on August 5, 2025. *Id*. at 4. Fuller initiated her wage complaint with the Department of Labor ("DOL") and the Attorney General's office. *Id.* On October 14, 2025, the Attorney General in conjunction with the DOL referred Fuller's wage claim to her current private attorney. *Id.*

Plaintiffs initiated this action in December 2025 (Filing No. 1). On February 4, 2026, Defendants filed a Motion to Dismiss the original complaint for failure to state a claim (Filing No.

11). Plaintiffs then filed the operative Amended Complaint (Filing No. 24), of which Defendants seek dismissal.

## II. LEGAL STANDARD

Federal Rule of Civil Procedure 12(b)(6) allows a defendant to move to dismiss a complaint that has failed to "state a claim upon which relief can be granted." Fed. R. Civ. P. 12(b)(6). When deciding a motion to dismiss under Rule 12(b)(6), the Court accepts as true all factual allegations in the complaint and draws all inferences in favor of the plaintiff. *Bielanski*, 550 F.3d at 633. However, courts "are not obliged to accept as true legal conclusions or unsupported conclusions of fact." *Hickey v. O'Bannon*, 287 F.3d 656, 658 (7th Cir. 2002).

The complaint must contain a "short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). In *Bell Atlantic Corp. v. Twombly*, the Supreme Court explained that the complaint must allege facts that are "enough to raise a right to relief above the speculative level." 550 U.S. 544, 555 (2007). Although "detailed factual allegations" are not required, mere "labels," "conclusions," or "formulaic recitation[s] of the elements of a cause of action" are insufficient. *Id.*; see also *Bissessur v. Ind. Univ. Bd. of Trs.*, 581 F.3d 599, 603 (7th Cir. 2009) ("it is not enough to give a threadbare recitation of the elements of a claim without factual support"). The allegations must "give the defendant fair notice of what the...claim is and the grounds upon which it rests." *Twombly*, 550 U.S. at 555. Stated differently, the complaint must include "enough facts to state a claim to relief that is plausible on its face." *Hecker v. Deere & Co.*, 556 F.3d 575, 580 (7th Cir. 2009) (citation modified). To be facially plausible, the complaint must allow "the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Twombly*, 550 U.S. at 556).

## III. DISCUSSION

The Amended Complaint asserts five claims; Count I: Collective Action Failure to Properly Pay Overtime Wages Pursuant to the Fair Labor Standards Act, 29 U.S.C. § 201 *et. seq*.; Count II: Individual Action Wage Claims Statute; Count III: Individual Action Failure to Properly Pay Overtime Wages Pursuant to the FLSA, 29 U.S.C. §201 *et. seq.*; Count IV: Class Action Wage Payment Statute; and Count V: Individual Action Wage Payment Statute (Filing No. 24).

Defendants seek dismissal of the FLSA and Indiana Wage Payment Statute and Wage Claims Statute claims, arguing that Plaintiffs fail to support their claims with facts sufficient to show that they are entitled to relief as required by Fed. R. Civ. P. 8(a)(2) (Filing No. 26). Defendants argue that dismissal of Plaintiffs' federal FLSA claims would cause the Court to no longer have supplemental jurisdiction over the state law claims and thus, Plaintiffs' Indiana Wage Claim Statute and Wage Payment Statute claims should also be dismissed. *Id.* at 8–9. Defendants further argue that their first Motion to Dismiss should have put Plaintiffs on notice of the deficiencies in their original Complaint and thus, the Court should not afford Plaintiffs with an opportunity for further amendment so the dismissal should be with prejudice (Filing No. 32 at 6). The parties group the five Counts into two categories: FLSA claims (Counts I and III) and state law claims (Counts II, IV, and V). The Court will address the parties' arguments accordingly.

### A. Counts I and III: Fair Labor Standards Act ("FLSA")

"The FLSA requires employers to pay their employees a minimum hourly wage and one-and-a-half times their hourly wage for every hour worked in excess of forty hours a week." *Garrett v. Aquatic Renovation Sys., Inc.*, No. 1:19-CV-01509, 2020 WL 564282, at *2 (S.D. Ind. Feb. 5, 2020) (citing 29 U.S.C. §§ 206(a), 207(a)(1)). To succeed on a claim for a denial of overcompensation, a plaintiff-employee has the burden of demonstrating four essential elements:

"(1) the plaintiff was employed by the defendant; (2) the defendant was engaged in interstate commerce or the plaintiff is otherwise covered by the FLSA; (3) the plaintiff worked in excess of 40 hours in any given workweek, and (4) the defendant did not pay the plaintiff overtime wages." *Id*. at *2 (quoting *Delgado v. Directv, Inc.*, No. 1:14-CV-01722, 2016 WL 1043725, at *6 (S.D. Ind. Mar. 16, 2016)).

The Seventh Circuit has held that to state an overtime wage claim under the FLSA, an "employee must provide sufficient factual context to raise a plausible inference there was at least one workweek in which he or she was underpaid." *Id*. (quoting *Hirst v. Skywest, Inc.*, 910 F.3d 961, 966 (7th Cir. 2018)). Although a plaintiff is not required to "plead specific dates and times that there were undercompensated hours, they must provide some factual context that will nudge their claim from conceivable to plausible." *Id*. (quoting *Hirst*, 910 F.3d at 967) (internal quotation marks omitted). Additionally, "[t]o state a claim under the FLSA, [a plaintiff] must show that [an employer] had actual or constructive knowledge of [its] overtime work. *Kellar v. Summit Seating Inc.*, 664 F.3d 169, 177 (7th Cir. 2011). "[A] court need only inquire whether ... [the employer] had the opportunity through reasonable diligence to acquire knowledge." *Id*. at 179 (alterations in original).

While federal courts have differed concerning the level of specificity required for pleading FLSA claims, there has been a consensus that "broad assertions that employees were not adequately compensated for their hours worked in excess of forty do not provide the necessary factual specificity to state a plausible FLSA overtime claim." *Garrett*, 2020 WL 564282, at *3. (citing cases); *see also*, *McCauley v. City of Chicago*, 671 F.3d 611, 616–17 (7th Cir. 2011) (quoting *Swanson v. Citibank, N.A.*, 614 F.3d 400, 405 (7th Cir. 2010) ("A more complex case ... will require more detail, both to give the opposing party notice of what the case is all about and to

show how, in the plaintiff's mind at least, the dots should be connected.")). Allowing generic claims of non-payments of FLSA overtime "would effectively permit conclusory recitations of the statutory elements, stripped of any underlying factual information, for an FLSA overtime claim in contravention of the well settled rule that such recitations are insufficient to survive a motion to dismiss." *Garret*, 2020 WL 564282, at *3 (citing *McReynolds v. Merrill Lync & Co.*, 694 F.3d 873, 886 (7th Cir. 2012)).

In counts I and III, Plaintiffs allege that Defendants violated the FLSA by failing to pay them for their overtime hours (Filing No. 24). Defendants argue that Plaintiffs' allegations are only conclusory recitations of a general overtime claim and not facts that would illustrate that Plaintiffs never received overtime pay. *Id.* at 6. Defendants assert that Plaintiffs' allegations of non-payment for particular work activities are not actionable for an FLSA violation. *Id.* at 7. While Plaintiffs allege that they worked off-the-clock hours without payment, Defendants argue that Plaintiffs fail to allege how the nonpayment of discrete work activities resulted in them receiving less than one-and-a-half times their regular rates for overtime hours. *Id.* at 8.

In response, Plaintiffs point out that they have specifically identified multiple weeks in which they were not paid for overtime (Filing No. 31 at 3). Fleetwood alleges that she was not paid all overtime hours that she worked including September 29, 2025 to October 5, 2025 and October 13, 2025 to October 19, 2025. (Filing No. 24 at ¶44). Plaintiffs argue that because they have identified work activities that they performed off-the-clock for each shift worked for CMG—performing their pre-driving and post-trip inspections, fueling their trucks, driving their trucks from the company yard to the work site and back —taking the facts and all reasonable inferences in their favor, they have sufficiently pleaded their FLSA claims. *Id.*

In reply, Defendants reassert their same argument—that Plaintiffs' Amended Complaint alleges broad assertions and does not plead a plausible FLSA claim (Filing No. 32 at 3–4). They argue that Plaintiffs list no off-the-clock work allegations in their Amended Complaint but instead allege "gap time" claims based on non-payment for discrete straight-time work activities. *Id.* Defendants argue that Plaintiffs' Amended Complaint suffers from pleading deficiencies like those in *Garret*, as the claims are merely a conclusory recitation of statutory elements. (Filing No. 26 at 6–8).

Both parties cite *Garret*, where this Court stated a plaintiff-employee "must provide sufficient factual context to raise a plausible inference there was at least one workweek in which he or she was underpaid." *Id.* at *2 (quoting *Hirst*, 910 F.3d at 966). However, Defendants incorrectly parallel this case to *Garrett*. In *Garrett*, the plaintiffs failed to provide sufficient factual context to raise a plausible inference there was at least one workweek in which he or she was underpaid. *Id.* at 3. The *Garrett* plaintiffs did not identify the specific weeks that they worked more than forty hours. *Id.* Rather, the plaintiffs stated simply, they knew it was not uncommon to work more than forty hours a week. *Id.* In contrast, here, the Plaintiffs have listed specific weeks that demonstrate pay periods when they did not get paid for overtime hours (Filing No. 24 at 4, 5). This Court has emphasized that specific times in pleadings are not required to survive a motion to dismiss, *Garrett*, 2020 WL 564282 at *2 (quoting *Hirst*, 910 F.3d at 966). Plaintiffs' Amended Complaint satisfies the one-week requirement, as Plaintiffs list several examples of workweeks in which they were underpaid for both regular hours and overtime hours (Filing No. 24 at 4–5).

Plaintiffs also list work duties that they performed in the scope of their employment with Defendants and allege that they performed these duties in excess of forty hours a week and received no compensation. *See Kellar*, 664 F.3d 169, 177 (7th Cir. 2011) ("The FLSA imposes an obligation

on the employer to exercise its control and see that the work is not performed if it does not want it to be performed. The employer cannot sit back and accept the benefits without compensating for them.") (internal quotation marks and citations omitted). While the Amended Complaint does not explicitly state that Defendants had actual knowledge of the Plaintiffs completing the work, Plaintiffs have alleged that the listed work activities are activities which they completed on every shift. It is therefore reasonable to infer that Defendants would have been alerted by Plaintiffs completing the various activities on each work shift. Accordingly, the Court finds Plaintiffs' allegations sufficient to establish a reasonable inference of an FLSA claim.

Defendants also argue that Plaintiffs' Amended Complaint does not contain off the clock work allegations (Filing No. 32 at 3–4). The Court disagrees. Plaintiffs list several work duties that they completed while working each shift for CMG and allege specific weeks where they worked more than forty hours for which they were not paid overtime. While Defendants are correct that the Plaintiffs allege they were not paid for activities performed "during each shift that [they] worked[,]" (Filing No. 24 at 4–5), Plaintiffs do not limit each "shift" solely to regular hours worked. To the contrary, the Plaintiffs specifically assert that their shifts resulted in working in excess of forty hours on certain weeks and they specifically identify the weeks where this occurred. The FLSA does not govern payment per "shift" but instead governs payment depending on the number of hours worked in a week. Taking all inferences in Plaintiffs' favor as the Court must do at this stage, their use of the phrase "off the clock" can be reasonably inferred to mean hours worked in excess of forty even if such work was performed as part of a daily "shift."

Lastly, Defendants argue that Plaintiffs' alleged work duties are more so "gap time"[1] work activities. Defendants cite *Lundy v. Cath. Health Sys., of Long Island Inc.*, and *Murphy v. First Student Mgmt. LLC*, arguing that employers do not have an obligation to pay for additional or separate payments for particular work activities, even if those activities occurred during weeks with overtime hours (Filing No. 32 at 4 (citing *Lundy v. Cath. Health Sys., of Long Island Inc.*, 711 F. 3d 106, 115–116 (2d Cir. 2013); *Murphy v. First Student Mgmt. LLC*, No. 1:16-cv-01966, 2017 WL 346977, *3 (N.D. Ohio Jan. 24, 2017)). The FLSA provides that an employer is not liable for failure to pay overtime wages for "[w]alking, riding, or traveling to and from the actual place of performance of the principal activity or activities which such employee is employed to perform, and activities which are preliminary to or postliminary to said principal activity or activities." 29 U.S.C. § 254 (cleaned up); *see also Kellar*, 664 F.3d at173–74 (7th Cir. 2011) (stating the FLSA was amended to eliminate liability "on account of ... activities which are preliminary to or postliminary to [principal activities,] which occur either prior to the time on any particular workday at which such employee commences, or subsequent to the time on any particular workday at which he ceases, such principal [activities]. 29 U.S.C. § 254(a).")

*Kellar* distinguishes that exempt activities are "predominantly ... spent in [the employee's] own interests, meaning those activities that are undertaken for [the employee's] own convenience, not being required by the employer and not being necessary for the performance of [the employee's] duties for the employer." *Kellar*, 664 F.3d 169, 175 (7th Cir. 2011) (internal quotation marks and citation omitted). However, employers are not exempted from "liability for any work

[1] Gap time is defined as "the time for which employees worked and were not paid, but when added to the total time worked still would not make that total exceed the threshold for overtime under the FLSA." *Jones v. C & D Techs., Inc.*, 8 F. Supp. 3d 1054, 1069 (S.D. Ind. 2014).

of consequence performed for an employer from which the employer derives significant benefit." *Id.* (citing *Dunlop v. City Electric, Inc.,* 527 F.2d 394, 399 (5th Cir. 1976)).

*Braddock v. Madison County* emphasized that "[t]he core rights and obligations the FLSA creates are the minimum wage levels and entitlement to overtime pay for work above specified maximum hours set forth in 29 U.S.C. §§ 206 and 207[.]" *Braddock v. Madison County,* 34 F. Supp. 2d 1098, 1101 (S.D. Ind. 1998) (citing *Monahan v. County of Chesterfield*, 95 F.3d 1263 (4th Cir.1996); *see also* 29 U.S.C. § 207 ("no employer shall employ any of his employees . . . for a workweek longer than forty hours unless such employee receives compensation for his employment in excess of the hours above specified at a rate not less than one and one-half times the regular rate at which he is employed."); *Lundy*, 711 F.3d at 115 ("An employee who has not worked overtime has no claim under FLSA for hours worked below the 40–hour overtime threshold, unless the average hourly wage falls below the federal minimum wage.").

Defendants accurately assert that the FLSA does not allow for recovery of gap time hours. However, the Amended Complaint alleges that "[Plaintiffs] were/are not paid for time performing pre-trip DOT inspections, post-trip DOT inspections, fueling, and other various activities on each shift that [they] worked for [CMG,]" and the same individuals "were/are not paid for time driving from the yard to the worksite and from the worksite back to the yard on each shift that [they] worked for [CMG]." (Filing No. 24 at 4 –5). In addition, Plaintiffs allege that these activities happened "on each shift that [they] worked for [CMG]" and that "[they] routinely worked over forty (40) hours in a work week." *Id.* These work activities do not indicate that Plaintiffs' time was "spent in [the employee's] own interests, meaning those activities that are undertaken for [the employee's] own convenience." *Kellar*, 664 F.3d 169, 175 (7th Cir. 2011). Plaintiffs' allegations provide a reasonable inference that CMG required them to perform the various activities, due to

the similarity in each of the Plaintiffs' work activities. *Id.* Further, as truck drivers, Plaintiffs' activities of inspections and fueling their vehicle provides a reasonable inference that such work "[is] necessary for the performance of [the Plaintiffs'] duties for [CMG]." *Id.*

Accepting Plaintiffs' factual allegations as true, the Court reasonably infers that the work duties pleaded are duties the Plaintiffs worked in excess of forty hours a week without overtime payment, and that Plaintiffs' FLSA claims concern overtime work activities and not gap time work activities. Therefore, Plaintiffs have pleaded sufficient facts to state a plausible inference of an FLSA overtime claim.

Accordingly, Defendants' Motion to Dismiss is **denied** as to Plaintiffs' FLSA claims—Counts I and III.

## B. State Law Claims

In counts IV and V, Plaintiffs allege that Defendants violated Indiana's Wage Payment Statute because they failed to pay Fleetwood for her regular work hours (Filing No. 26 at 10–12). In Count II, Plaintiffs allege that Defendants violated Indiana's Wage Claim Statute because they failed to pay Fuller for her regular work hours prior to her termination. *Id.* at 7–8. Defendants assert that Plaintiffs' state law claims simply paraphrase operative language of the Indiana statutes and thus do not adequately plead a state law claim (Filing No. 26 9–10). Defendants also contend that Plaintiffs may be attempting to base their state law claims on activities in violation of the FLSA (Filing No. 26 at 10; Filing No. 32 at 5–6).

Plaintiffs explain that their state law claims concern regular work hours, which they were not paid (Filing No. 31 at 4). They assert that their state law claims are a means to increase the liquidated damages owed to the Plaintiffs. *Id.* at 5. In reply, Defendants reassert that Plaintiffs have not identified a legal obligation that would require CMG to pay them for uncompensated work

activities that Plaintiffs describe (Filing No. 32 at 5). Lastly, Defendants argue that Indiana's state minimum wage and overtime laws do not apply to employees covered by the FLSA. *Id.*

Indiana code section 22-2-5-1 requires that employers "shall pay each employee at least semimonthly or biweekly, if requested, the amount due the employee." *St. Vincent Hosp. & Health Care Ctr., Inc. v. Steele*, 766 N.E.2d 699, 704 (Ind. 2002) (quoting Ind. Code § 22-2-5-1(a)). Employees must receive payment for all wages "earned to a date not more than ten (10) days prior to the date of payment." *Id*. Employees who raise concerns about wage payments have two different statutes they can raise wage concerns; however, the statutes have different procedural frameworks, which a plaintiff-employee must establish. *Id.* at 705.

First, the Wage Payment Statute—applicable to Plaintiffs' Counts IV and V—governs current employees and previous employees who have voluntarily left their employment. *Id.* at 702. (citing Ind. Code § 22–2–5–1(b)). The Wage Payment Statute governs both the frequency and the amount which an employer must pay its employees. *Hollis v. Def. Sec. Co.*, 941 N.E.2d 536, 538 (Ind. Ct. App. 2011) (citing *Steele*, 766 N.E.2d at 705)). Plaintiff-employees who qualify under the Wage Payment Statute may recover "liquidated damages, costs, and reasonable attorneys' fees where an employer fails to make payments[.]" *Id.* (citing Ind. Code § 22–2–5–2).

Distinctly, the Wage Claims Statute—applicable to Plaintiffs' Count II—governs "employees who have been separated from work by their employer and employees whose work has been suspended as a result of an industrial dispute." *Steele*, 766 N.E.2d at 705. The statute states, "whenever any employer separates any employee from the pay-roll, the unpaid wages or compensation of such employee shall become due and payable at regular pay day for pay period in which separation occurred[.]" *Hollis*, 941 N.E.2d at 538 (quoting Ind. Code § 22–2–9–2(a)).

Those who qualify under the Wage Claims Statute are entitled to liquidated damages and attorneys' fees. *Id.*

*Steele* emphasized that claims brought under the Wage Claims Statute must first be submitted to the Indiana Department of Labor ("DOL"). *Id.* (citing *Steele*, 766 N.E.2d at 705); *see also Gallo v. Sunshine Car Care, LLC*, 185 N.E.3d 392, 400 (Ind. Ct. App. 2022). Upon the referral from the Commissioner of Labor, a claim of relief for wages may be brought forth by the Attorney General or the Attorney General may refer the matter to a private attorney. *Id.* (citing Ind. Code § 22-2-9-4) ("To become the 'designee' of the attorney general, a claimant – or more specifically his or her attorney – must obtain a letter of referral.").

The first inquiry into the two statutes' applicability to a plaintiff-employee is determined by the status of the employee at the time the claim is filed. *See Hollis*, 941 N.E.2d at 540. As stated above, the Wage Payment Statute applies to current employees and is thus applicable to Fleetwood. The Wage Claims Statute is applicable to former employees and is thus applicable to Fuller. Accordingly, the Court will address each statute in turn.

**1. <u>Counts IV and V: Wage Payment Statute</u>**

Plaintiffs state that Fleetwood and proposed class members who are current employees of CMG are governed by the Wage Payment statute claims made in Counts IV and V. Defendants argue that the Amended Complaint alleges only operative language of the statute which does not adequately plead a Wage Payment Statute claim (Filing No. 26 at 9–10). However, as the Court stated earlier, because Plaintiffs provide examples of various work weeks that they did not receive payment for regular work hours, their factual allegations rise to a level higher than mere recitations and speculation. Plaintiffs allege specific work duties that they performed and allege they did not receive payment for completion of those work duties. For example, Plaintiffs allege that "Ms.

Fleetwood and the [proposed class members] were/are not paid for time performing pre-trip DOT inspections, post-trip DOT inspections, fueling, and other various activities on each shift that she worked for [CMG]" and that the same individuals "were/are not paid for time driving from the yard to the worksite and from the worksite back to the yard on each shift that [they] worked for [CMG]." (Filing No. 24 at 10). Taking all facts and inferences in favor of the Plaintiffs, the Court reasonably infers that Plaintiffs have sufficiently alleged that they have not been paid for their regular work hours in violation of the Wage Payment Statute. Providing specific allegations of the timeframe and work which they were allegedly not paid for is sufficient to survive the initial hurdle of a motion to dismiss. Accordingly, the Motion to Dismiss is **denied** as to Plaintiffs' Wage Payment Statute claims—Counts IV and V.

**2. Count II: Wage Claims Statute**

The Wage Claims Statute claim is relevant only to Fuller, who was terminated by CMG on August 5, 2025 (Filing No. 24 at 4). Indiana courts require that a Wage Claims Statute claimant first file their complaint with the DOL. *Steele*, 766 N.E.2d at 705. Plaintiffs state that Fuller was referred to her private attorney by the Attorney General's office in connection with her DOL filing on October 14, 2025 (Filing No. 24 at 4). This fact illustrates that Fuller's Wage Claim Statute complaint was filed with the DOL prior to filing the Amended Complaint in this Court, as required. *See Hollis*, 941 N.E.2d at 538. Thus, the Amended Complaint sufficiently pleads the required procedural framework as illustrated in *Steele*. 766 N.E.2d at 705.

Defendants argue that the Amended Complaint does not allege sufficient facts to establish a Wage Claims Statute claim (Filing No. 26 at 9–10; Filing No. 32). The Court disagrees for the same reasons explained above and finds that Plaintiffs' Amended Complaint has sufficiently pleaded a factual basis, which complies with Federal Rules of Civil Procedure 8(a)(2). Plaintiffs

have pleaded both the specific times and the duties performed for which they were not paid. At this stage of the litigation, that is sufficient. Accordingly, the Motion to Dismiss is **denied** as to Plaintiffs' Wage Claims Statute claim.

Lastly, Defendants contend that because Plaintiffs are qualified employees under the FLSA, they are not able to bring a wage action under state law. Defendants cite *Richardson v. Town of Worthington*, 44 N.E.3d 42, 47 (Ind. Ct. App. 2015) for the proposition that employees covered by the FLSA are not covered by Indiana state minimum wage and overtime laws (Filing No. 26 at 10). However, neither the Wage Payment Statute nor the Wage Claims Statute concern minimum wage or overtime. Rather, they require payment to employees for all they are due and owed. Plaintiffs' claims under state law concern only Defendants' failure to pay Plaintiffs for regular work hours (Filing No. 24 at 7, 10–11; Filing No. 31 at 4–5). Thus, dismissal is not warranted on Plaintiffs' state law claims—Counts II, IV, and V.

Because the Court finds that Plaintiffs' FLSA and state law claims survive the Motion to Dismiss, the Court retains supplemental jurisdiction over the state law claims. *See Stewart v. Wexford*, No. 1:20-CV-01818, 2022 WL 3597295, at *4 (S.D. Ind. Aug. 23, 2022).[2]

## IV. CONCLUSION

For the reasons discussed above, the Court finds Plaintiffs' FLSA and state law claim allegations are sufficient to survive the initial hurdle of a motion to dismiss. Accordingly, Defendants' Motion to Dismiss (Filing No. 25) is **DENIED**.

**SO ORDERED.**

Date: October 1, 2026

Hon. Tanya Walton Pratt, Judge
United States District Court
Southern District of Indiana

[2] Having found Plaintiffs' Amended Complaint sufficient to survive Defendants Motion to Dismiss, the Court need not address whether further amendment would be futile.

Distribution:

Russell Jay Taylor, Jr
Scopelitis Garvin Light Hanson & Feary, P.C.
jtaylor@scopelitis.com

Ronald E. Weldy
WELDY LAW
rweldy@weldylegal.com